IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA J., | ) |
| | ) |
| Claimant, | ) No. 18 CV 02476 |
| | ) |
| v. | ) Jeffrey T. Gilbert |
| | ) Magistrate Judge |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM OPINION AND ORDER

Linda J. ("Claimant") seeks review of the final decision of Respondent Nancy A. Berryhill, Acting Commissioner of Social Security ("the Commissioner"), denying her applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income Benefits ("SSI") under Titles II and XVI of the Social Security Act ("Act"). Pursuant to 28 U.S.C. § 636(c) and Local Rule 73.1, the parties have consented to the jurisdiction of a United States Magistrate Judge for all proceedings, including entry of final judgment. [ECF No. 9.] This Court has jurisdiction pursuant to 42 U.S.C. §§ 1383(c) and 405(g). The parties have filed cross-motions for summary judgment [ECF Nos. 12 and 23] pursuant to Federal Rule of Civil Procedure 56. For the reasons stated below, Claimant's Motion for Summary Judgment [ECF No. 12] is granted, and the Commissioner's Motion for Summary Judgment [ECF No. 23] is denied.

## I. PROCEDURAL HISTORY

Effective February 26, 2014, Claimant filed applications for DIB and SSI, alleging a disability onset date of February 10, 2014. (R. 212–24.) Claimant's applications were denied at the initial level, (R. 84–85), and on reconsideration (R. 114–15). Claimant then requested an administrative hearing before an administrative law judge ("ALJ"). (R. 131.) On January 10, 2017,

1

Claimant, represented by counsel, appeared and testified at an administrative hearing before ALJ David Skidmore. (R. 36–67.) On April 25, 2017, the ALJ issued an unfavorable decision. (R. 18–30.) The Appeals Council subsequently remanded the case back to the ALJ for further proceedings. (R. 150–153.)

The opinion followed the five-step evaluation process required by Social Security Regulations ("SSR").[1] 20 C.F.R. § 404.1520. At step one, the ALJ found that Claimant had not engaged in substantial gainful activity ("SGA") since February 10, 2014, the alleged onset date. (R. 20.) At step two, the ALJ found that Claimant had the severe impairments of bilateral knee arthritis, post-traumatic stress disorder/anxiety, and obesity. (*Id.*) The ALJ found Claimant's shoulder arthritis to be a non-severe impairment. (R. 21.) At step three, the ALJ found that Claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 24.) The ALJ then assessed Claimant's residual functional capacity ("RFC")[2] and concluded:

> [Claimant] has the residual functional capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) except for no work that involves climbing ladders, ropes, or scaffolds; with only occasional stair climbing; and with a need for a cane to ambulate in the workplace. Mentally, the [C]laimant can understand, remember, and carry out simple work instructions and execute simple workplace judgement; can perform routine work that involves no more than occasional decision-making or occasional changes in the work setting; and can engage in brief and superficial interaction with the general public, and occasional interaction with coworkers and supervisors.

---

[1] SSRs "are interpretive rules intended to offer guidance to agency adjudicators. While they do not have the force of law or properly promulgated notice and comment regulations, the agency makes SSRs binding on all components of the Social Security Administration." *Nelson v. Apfel*, 210 F.3d 799, 803 (7th Cir. 2000); *see* 20 C.F.R. § 402.35(b)(1). Although the Court is "not invariably bound by an agency's policy statements," the Court "generally defer[s] to an agency's interpretations of the legal regime it is charged with administrating." *Liskowitz v. Astrue*, 559 F.3d 736, 744 (7th Cir. 2009).

[2] Before proceeding from step three to step four, the ALJ assesses a claimant's residual functional capacity. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). "The RFC is the maximum that a claimant can still do despite his mental and physical limitations." *Craft v. Astrue*, 539 F.3d 668, 675–76 (7th Cir. 2008).

2

(R. 25-26.) Based on this RFC, the ALJ determined at step four that Claimant could not perform any past relevant work. (R. 28.) Finally, at step five, the ALJ found that there were jobs that exist in significant numbers in the national economy that Claimant could perform. (R. 29.) Specifically, the ALJ found Claimant could work as a sorter (DOT # 669.687-014), assembler (DOT # 713.687-18), and packer (DOT # 559.687-014). (*Id.*). Because of this determination, the ALJ found that Claimant was not disabled under Act. (*Id.*) The Appeals Counsel declined to review the matter on January 31, 2018, making the ALJ's decision the final decision of the Commissioner and, therefore, reviewable by this Court under 42 U.S.C. § 405(g). *See Haynes v. Baumhart*, 416 F.3d 621, 626 (7th Cir. 2005).

## II. STANDARD OF REVIEW

Judicial review is limited to determining whether the decision is supported by substantial evidence in the record and whether the ALJ applied the correct legal standards in reaching his or her decision. *Nelms v. Astrue*, 553 F.3d 1093, 1097 (7th Cir. 2009). The reviewing court may enter a judgment "affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 42 U.S. 389, 401 (1971). A "mere scintilla" of evidence is not enough. *Scott v. Barnhart*, 297 F.3d 589, 593 (7th Cir. 2002). Even where there is adequate evidence in the record to support the decision, the findings will not be upheld if the ALJ does not "build an accurate and logical bridge from the evidence to the conclusion." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). In other words, if the Commissioner's decision lacks evidentiary support or adequate discussion of the issues, it cannot stand. *Villano v. Astrue*, 556 F.3d 558, 562 (7th Cir. 2009). Though the standard of review is

3

deferential, a reviewing court must "conduct a critical review of the evidence" before affirming the Commissioner's decision. *Eichstadt v. Astrue*, 534 F.3d 663, 665 (7th Cir. 2008). It may not, however, "displace the ALJ's judgment by reconsidering facts or evidence." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

### III. ANALYSIS

Claimant raises several arguments on appeal. After reviewing the record and the parties' briefs, the Court is persuaded by Claimant's argument that the ALJ improperly evaluated the shoulder limitations of her treating physician.

### A. Treating Source Opinion

Claimant argues that the ALJ erroneously rejected the opinion of her treating physician, Geetha Govindarajan, M.D. The opinion of a treating source is entitled to controlling weight if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence."[3] 20 C.F.R. § 404.1527(c)(2); *accord Bauer v. Astrue*, 532 F.3d 606, 608 (7th Cir. 2008). Because a treating doctor has "greater familiarity with the claimant's condition and circumstances," *Gudgel v. Barnhart*, 345 F.3d 467, 470 (7th Cir. 2003), an ALJ must "offer good reasons for discounting a treating physician's opinion." *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010) (citations omitted); *see also Stage v. Colvin*, 812 F.3d 1121, 1126 (7th Cir. 2016).

If a treating physician's opinion is not given controlling weight, an ALJ must still determine what value the physician's opinion does merit. *Scott v. Astrue*, 647 F.3d 734, 740 (7th Cir. 2011); *Campbell*, 627 F.3d at 308. In making that determination, the regulations require the

---

[3] The SSA adopted new rules for agency review of disability claims involving the treating physician rule. *See* 82 Fed. Reg. 5844-01, 2017 WL 168819, at *5844 (Jan. 18, 2017). Because the new rules apply only to disability applications filed on or after March 27, 2017, they are not applicable in this case. (*Id.*)

ALJ to consider a variety of factors, including: (1) the nature and duration of the examining relationship; (2) the length and extent of the treatment relationship; (3) the extent to which medical evidence supports the opinion; (4) the degree to which the opinion is consistent with the entire record; (5) the physician's specialization if applicable; and (6) other factors which validate or contradict the opinion. 20 C.F.R. § 404.1527(c)(2)-(6). Thus, the weight given to a treating physician depends on the circumstances. *See Hofslien v. Barnhart*, 439 F.3d 375, 377 (7th Cir. 2006).

Dr. Govindarajan submitted a medical source statement in which she noted that Claimant had moderate osteoarthritis in the right shoulder and mild osteoarthritis in the left shoulder. (R. 908-11.) The doctor opined, among other things, that Claimant could use her hands for only one third of the workday for fine manipulations and only two thirds of the workday for gross manipulations[4]. (R. 910.) The ALJ gave "limited weight" to Dr. Govindarajan's upper extremity limitations. (R. 27.) In doing so, for the reasons discussed below, the Court finds that the ALJ failed to build the requisite logical bridge between the evidence and his conclusion. *Scott*, 647 F.3d at 740. Consequently, the ALJ's decision is not supported by substantial evidence. *Collins v. Astrue*, 324 F. App'x 516, 521 (7th Cir. 2009).

According to the ALJ, Dr. Govindarajan's upper extremity limitations did not "appear supported by the evidence of record that has not indicated any basis for these limitations." (R. 27.) In other words, the ALJ believed that there was insufficient evidence in the record to support Dr. Govindarajan's limitations. It is unclear, however, and the ALJ does not explain, what record evidence he was relying on to support his conclusion. This was error. *See Herron v. Shalala*, 19

---

[4] The Court notes that the doctor also said that sustained use of the hands was not impaired. (R. 910.)

5

F.3d 329, 334 (7th Cir. 1994) (explaining that an ALJ cannot discount the opinion of a medical expert without adequate explanation.)

The record indicates that Dr. Govindarajan included x-rays of Claimant's shoulders with the medical source statement which documented moderate osteoarthritis in the right shoulder and mild osteoarthritis in the left shoulder. (R. 914-15.) Based, in part, on these x-rays, Dr. Govindarajan opined that Claimant would be limited in using her arms and hands. (R. 908.) Significantly, Dr. Govindarajan was the only medical expert to review the x-ray findings and the only medical expert to provide an opinion regarding Claimant's upper extremities. Nonetheless, the ALJ, without medical support, rejected the doctor's upper extremity limitations. *See Clifford v. Apfel*, 227 F.3d 863, 870 (7th Cir. 2000) (criticizing the ALJ for rejecting opinion evidence because the ALJ failed to cite to any medical report or opinion that contradicted the treating source's opinion). It seems the ALJ's decision to discount Dr. Govindarajan's limitations is based on his own interpretation of the medical evidence. It is well-established, however, that an ALJ must not substitute his own judgment for a physician's opinion without relying on other medical evidence or authority in the record. *Rohan v. Chater,* 98 F.3d 966, 968 (7th Cir. 1996). Although the Commissioner claims that there is evidence in the record to support the ALJ's reasoning, the Court cannot guess what evidence the ALJ thought supported his reasoning if he did not cite to it in his opinion. "[P]rinciples of administrative law require the ALJ to rationally articulate the grounds for [his] decision and [we] confine our review to the reasons supplied by the ALJ." *Steele v. Barnhart*, 290 F.3d 936, 941 (7th Cir. 2002).

The Court does not hold that the ALJ was required to accept Dr. Govindarajan's upper extremity limitations. *Haynes v. Barnhart*, 416 F.3d 621, 630 (7th Cir. 2005) (explaining that the regulations require ALJs "to consider opinions offered by medical experts" but that they are not

6

"bound by those opinions"). On this record, though, there is no indication as to why the ALJ rejected it. To the extent the ALJ concluded that Claimant's daily activities undercut Dr. Govindarajan's opinion or he succumbed to the temptation to play doctor and simply disagreed with Dr. Govindarajan as Claimant's treating physician, that would be improper. *Clifford v. Apfel*, 227 F.3d at 872.[5] The ALJ, therefore, did not build a logical bridge between the evidence in the record and his conclusion.

## IV. CONCLUSION

For the reasons stated above, Claimant's Motion for Summary Judgment [ECF No. 12] is granted, and the Commissioner's Motion [ECF No. 23] is denied. The decision of the Commissioner is reversed, and the case is remanded for further proceedings consistent with this Memorandum Opinion and Order.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: May 24, 2019

---

[5] There is some indication in the record that is just what the ALJ did here: "As noted above, the evidence does not establish that the claimant's shoulder arthritis is a severe impairment and it would have only minimal effect on her ability to perform either fine or gross manipulation." (R.27.) No citation or reference to any evidence is provided.